# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

DANIEL CARRILLO RODRIGUEZ on his own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

5830 RESTAURANT CORP. and
DAVID OEHLMAN,

    Defendants.
_____

## CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES
_____

Plaintiff, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

## STATEMENT OF THE CASE

1. Defendants employed Plaintiff and those similarly situated as hourly employees to work long hours for low wages in Defendants' Smokin' Dave's BBQ & Brew restaurants.

2. Defendants refused to pay their hourly employees overtime premiums for overtime hours worked.

3. Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4. Defendants also violated the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 C.C.R. 1103-1 because the COMPS requires employers to pay their employees one-and-one-half

times each employee's regular rate of pay for each hour worked beyond forty each workweek, one-and-one-half times each employee's regular rate for each hour worked beyond twelve each workday.

5. Defendants also failed to provide their hourly employees with rest periods during their shifts.

6. Defendants thus violated the COMPS because it requires employers to provide their employees with a ten-minute rest period for each four-hour work period.

7. Defendants also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4-101, *et seq.*, which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

8. Plaintiff seeks, on his own behalf and on behalf of all others similarly situated, actual and liquidated damages, penalties, pre- and post-judgment interest, and attorney fees and costs resulting from Defendants' willful violations of state and federal wage law.

## PARTIES, JURISDICTION, AND VENUE

9. Plaintiff Daniel Carrillo Rodriguez was employed by Defendants intermittently between approximately 2019 and approximately April 1, 2021. Plaintiff Carrillo's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 1.

10. 5830 Restaurant Corp. is a registered Colorado corporation with a principal street address of P.O. Box 867, Estes Park, CO 80517.

11. Defendant David Oehlman is an owner and manager of 5830 Restaurant Corp.

12. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

13. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising under the COMPS and the CWCA. 28 U.S.C. § 1367.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

15. Plaintiff and those similarly situated worked as hourly employees in Defendants' Somkin' Dave's BBQ & Brew restaurants in Estes Park, Lyons, Longmont, Denver, and Centennial.

16. Though Plaintiff and those similarly situated regularly worked more than 40 hours each workweek, and sometimes more than twelve hours per day, Defendants refused to pay their employees overtime wages for overtime hours worked.

17. For example, Plaintiff Carrillo worked 126 hours and 26 minutes during the two-week pay period running from October 26, 2020 through November 10, 2020. During the two-week pay period running from December 26, 2020 through January 10, 2021, Plaintiff Carrillo worked 155 hours and 13 minutes, and during the two-week pay period running from January 26, 2021 through February 10, 2021, Plaintiff Carrillo worked 124 hours and 38 minutes. Defendants refused to pay Plaintiff Carrillo overtime premiums for the hours he worked beyond 40 each workweek and 12 each workday during these and all other pay periods during his tenure of employment.

18. Defendants subjected all their hourly employees to the same policy and practice of failing to pay overtime premium wages for overtime hours worked.

19. Defendants also failed to provide Plaintiff and those similarly situated with compensated 10-minute break periods for each 4-hour work period.

20. Each year relevant to this action, Plaintiff and other employees handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in interstate commerce.

21. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

22. Defendant David Oehlman, at all material times, exercised operational control and/or financial control over the 5830 Restaurant Corp. enterprise and exercised control over 5830 Restaurant Corp's employees' terms and conditions of employment. For example, Defendant Oehlman made important financial decisions regarding the enterprise, controlled his employees' rates of pay, and made the decision to deny his employees overtime pay for overtime hours worked.

23. Defendants also failed to pay Plaintiff and others any wages at all for the final pay period of their employment.

24. Plaintiff hereby demands, on his own behalf and on behalf of all others similarly situated who have been separated from employment with Defendants, payment in an amount equal to all earned but unpaid wages due plus an equal amount in liquidated damages. Such payment should be made in care of undersigned counsel at the listed address.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FIRST CLAIM

25. Plaintiff brings his FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated hourly employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective action as encompassing:

> All hourly employees who worked on or after April 28, 2018.

26. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

27. All potential collective action Members are similarly situated because they worked for Defendants as hourly employees and were subject to Defendants' common policy of avoiding overtime wage payments.

## **RULE 23 CLASS ALLEGATIONS AS TO THE SECOND CLAIM**

28. Plaintiff asserts his Second Claim, brought under the COMPS, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

29. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "Rule 23 Class" as follows:

>  All hourly employees who worked on or after April 28, 2015.

30. This action is properly brought as a class action for the following reasons.

31. Defendants failed to pay all their hourly employees overtime wages for overtime hours worked and failed to provide their employees with two ten-minute rest periods each workday.

32. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 75-100 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

33. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay all their employees overtime wages for overtime hours worked and whether Defendants failed to provide their employees with two ten-minute rest periods each workday.

34. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay overtime and provide rest periods. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with his claims. If Defendants' policies of failing to pay overtime and failing to provide rest periods were unlawful as applied to the representative Plaintiff, they were unlawful as applied to the absent members of the putative class.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

36. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

37. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

38. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

39. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the FLSA and COMPS counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

40. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

41. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

42. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

43. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

44. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

### FIRST CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

45. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

46. Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

47. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

48. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

49. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

50. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

51. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

52. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

53. Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

### SECOND CLAIM – Failure to Pay Overtime Premiums
### Violation of the COMPS, 7 CCR 1103-1

54. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

55. Defendants were Plaintiff's and those similarly situated's "employer" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

56. Plaintiff and others were Defendants' "employees" as that term is defined by the

8

COMPS because they performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

57. Defendants engage in a Food and Beverage enterprise that prepares and offers for sale, food and beverages for consumption either on or off the premises and is thus covered by the pre-COMPS Colorado Minimum Wage Orders ("MWOs"). 7 CCR 1103-1(2)(A).

58. Defendants violated the COMPS (and the MWOs) when they refused to pay Plaintiff and others overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday. 7 CCR 1103-1(4.1.1).

59. Defendants violated the COMPS (and the MWOs) when they failed to provide Plaintiff and others with 10-minute rest periods for each 4-hour period worked.

60. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

61. Plaintiff and others are entitled to recover unpaid wages, attorney fees and costs of the suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

**WHEREFORE**, Plaintiff prays, as to his FIRST CLAIM, that:

   a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

   b. He and the 216(b) Class be awarded unpaid overtime premiums;

   c. He and the 216(b) Class be awarded liquidated damages as required by law;

   d. He and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

   e. He and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

   f. He and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

And, as to his SECOND CLAIM, that:

    a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

    b. Plaintiff be certified as the class representative of the Rule 23 Class;

    c. Undersigned counsel be appointed Rule 23 class counsel;

    d. Prompt notice of this litigation be sent to all potential Rule 23 class members;

    e. Plaintiff and the Rule 23 Class be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

    f. Plaintiff be awarded a service award in recognition of his work as representative of the Rule 23 Class;

    g. Plaintiff and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
**Brandt Milstein**
MILSTEIN TURNER, PLLC
2400 Broadway, Suite B
Boulder, CO 80304
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiff*

10