IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01166-KLM

DANIEL CARRILLO RODRIGUEZ, on his own behalf and on behalf of all others similarly situated,

    Plaintiff,

v.

5830 RESTAURANT CORP., and
DAVID OEHLMAN,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Joint Motion to Stay** [#53][1] (the "Motion"). The parties ask the Court to stay this case pending mediation they are expecting to have scheduled for August 2022.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive issue is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay

---

[1] "[#53]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). While mediation is not technically a "dispositive issue," the Court finds that the spirit of these cases applies equally to mediation, where success means that the case would be resolved and no further proceedings necessary.

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, the parties assert no potential prejudice to Plaintiff from a stay, and, indeed, Plaintiff jointly moves for a stay at this time because he, like Defendants, believes that expense and economy of effort in this case will both be reduced if a stay is entered prior to the May 30, 2022 deadline for service of written discovery and the July 14, 2022 deadline to file a class certification motion, in light of the parties' expected August 2022 mediation. The Court therefore finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, the Court finds that Defendants have not demonstrated that proceeding with the discovery process presents an *undue* burden.

However, Defendants are correct that proceeding could be wasteful if mediation is successful. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed post-mediation. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, there are no identified nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending the parties' August 2022 mediation is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#53] is **GRANTED**.

IT IS FURTHER **ORDERED** that, **no later than September 9, 2022**, the parties shall file either a Joint Status Report regarding the status of mediation **or**, after conferral, a written motion seeking to reset any necessary deadlines in this case.

DATED: May 27, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge