# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-01166-KLM

DANIEL CARRILLO RODRIGUEZ on his own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

5830 RESTAURANT CORP.,
SMOKIN DAVES BBQ, CORP.,
SMOKIN DAVE'S, LLC,
7522 RESTAURANT CORP.,
5374 RESTAURANT CORP.,
HOUSE OF Q CORP., and
DAVID OEHLMAN,

    Defendants.

## JOINT MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

Plaintiff and Defendants (the "parties") submit this Joint Motion to request that - following the Final Fairness Hearing scheduled for June 21, 2023 at 1:30 p.m. - the Court grant Final Approval to their class and collective action settlement pursuant to Fed. R. Civ. P. 23(e) and the Fair Labor Standards Act.

On November 18, 2022, the parties submitted their Joint Motion for Preliminary Approval of Class and Collective Action Settlement. [#61]. On that same date, Plaintiff submitted his Motion for Attorney Fee. [#62]. In its Order dated February 3, 2023, the Court thoroughly analyzed the

Settlement Agreement, the standards for approval of class and collective action settlements and motions for attorney fees related to such settlements and preliminarily granted both motions. [#63]. Specifically:

1. The Court preliminarily approved the Settlement Agreement as fair, reasonable and adequate;

2. The Court approved the Settlement Notice for issuance;

3. The Court preliminarily approved Plaintiff's fee request;

4. The Court certified a Settlement Class defined as: "All hourly employees who worked for Defendants between April 28, 2015 and April 28, 2021."

5. The Court ordered the Settlement Administrator to distribute copies of the completed Settlement Notice [#61-2] to all potential Settlement Class Members and afforded potential Settlement Class Members sixty (60) days from the date of the Settlement Notice's mailing to opt-out or object to the Settlement Agreement.

6. The Court set a Settlement Hearing on June 21, 2023, at 1:30 p.m. for the following purposes: (a) to determine whether the Court should grant final certification of the Settlement Class solely for purposes of settlement; (b) to determine whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (c) to determine whether a Final Order and Judgment should be entered; (d) to make a final ruling on Plaintiff's fee request; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

    7. Finally, the Court ordered the parties to file any papers in support of final approval of the Settlement by twenty-one (21) calendar days prior to the Settlement Hearing. [#63].

In support of final approval, the parties submit the attached documents and state as follows.

On March 1, 2023, pursuant to the Court's preliminary approval Order, the Class Administrator distributed the approved notice, in English and Spanish, by First Class U.S. Mail to the last known mailing addresses of the 245 class members. *See,* Ex. 1, Gomez Declaration, ¶ 9. Of the mailings, 3 were returned as undeliverable to the last known physical mailing address the parties possessed for the class members. *Id.* at ¶ 10. The Class Administrator researched updated address information for those class members whose notice packets were returned undeliverable. *Id.* The Class Administrator was not able to find alternative addresses for the 3 unreachable class members. *Id.* Ultimately postal mailed notice was successfully delivered to 242 of 245 identified class members. *Id.* at ¶ 11.

The notice informed the class members of the terms of the Settlement Agreement, including the $10,000.00 service award to the named Plaintiff and counsel's attorney fee. Ex. 2, Notice Proof, § 4. The notice further informed the class members of their opportunity to opt-out of the Settlement by the May 1, 2023 deadline (60 days after completion of mailing) by returning a signed opt-out form to the Class Administrator. *Id.* at § 7. One Class Member opted-out of the Settlement. Ex. 1, Gomez Declaration, ¶ 13.

The notice informed the class members that those wishing to object to the settlement were required to file written objection with the Class Administrator by May 1, 2023. Ex. 2, Notice Proof, § 8. No class member objected to the settlement. Ex. 1, Gomez Declaration, ¶ 12.

Finally, the notice informed the class members that there would be an in-person hearing before Judge Kristen L. Mix on June 21, 2023 at 1:30 p.m. at 901 19th Street, Courtroom A401, Denver, CO 80294. Ex. 2, Notice Proof, § 8.

As set forth above, the notice plan as executed satisfied the due process requirements of C.R.C.P. 23(e). Just 1 of the 245 class members elected to opt-out of the settlement agreement and **no objections were made**. For the reasons set forth in the parties' Joint Motion to Certify Stipulated Rule 23 Class and to Grant Preliminary Approval to Class Action Settlement, Plaintiff's Motion for Attorney Fee and in the Court's Order preliminarily granting those motions [#63], the Settlement Agreement, including the service award to the named Plaintiff and counsel's attorney fee, is fair, reasonable and adequate and should be granted final approval.

Respectfully submitted this 30th day of May, 2023.

| | |
|---|---|
| *s/ Brandt Milstein* | *s/ Andrew N. Dunkin* |
| Brandt Milstein | Andrew N. Dunkin |
| MILSTEIN TURNER, PLLC | Flanders, Elsberg, Herber & Dunn, LLC |
| 2400 Broadway, Suite B | 401 Main Street, Suite 1 |
| Boulder, CO 80304 | Longmont, CO 80501 |
| 303.440.8780 | 303.776.5280 |
| brandt@milsteinturner.com | mark@flanderslaw.com |
| | |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all parties entitled to notice.

*s/ Brandt Milstein*